SWANTICK *v.* KELSEY HAYES WHEEL CORP.

Master and Servant—Workmen's Compensation Act—Fraud—
Equity—Dismissal.

Suit to set aside order of department of labor and industry
denying compensation for death of plaintiff's husband, on
ground that plaintiff was fraudulently induced to sign paper
consenting to *post-mortem* examination on her husband's body
without being given reasonable opportunity to be represented
there as required by rule of department, was properly dis-
missed, where it appears from department's findings that there
was ample proof, besides that revealed at *post-mortem,* to es-
tablish fact that death was not due to accident.

Appeal from Wayne; Bell (Frank A.), J., pre-
siding. Submitted April 14, 1932. (Docket No.
115, Calendar No. 36,441.) Decided June 6, 1932.

Bill by Agnes Swantick against Kelsey Hayes
Wheel Corporation and Department of Labor and
Industry to set aside order denying compensation
and grant a new hearing. Bill dismissed. Plaintiff
appeals. Affirmed.

*Arthur P. Zirkaloso,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant Kelsey
Hayes Wheel Corporation.

Sharpe, J. Plaintiff filed a claim with the depart-
ment of labor and industry, alleging that her hus-
band, Michael Swantick, "fell from truck striking
his head on iron bench knocking him unconscious
was rushed to hospital where he died on April 25,
1931, never regaining consciousness." On hearing

before a deputy commissioner, the claim was disallowed. On review before the commission, the finding of the deputy that death was not due to an accident was affirmed.

The plaintiff thereupon filed the bill of complaint herein, alleging that she was fraudulently induced "to sign a paper purporting to give her consent to the holding of a *post-mortem* examination upon the body of her husband;" that she was not given a reasonable opportunity to be represented at the *post-mortem,* as required by a rule of the department, and that the finding of the deputy and the department was unlawfully based thereon. In her prayer for relief she asked that the decision of the department be vacated and a new hearing ordered.

Defendants answered, and then filed a motion to dismiss. It appears in the findings of the commission that there was ample proof, besides that revealed at the *post-mortem,* to establish the fact that the death was not due to an accident. It follows that the reception of such proof, even if inadmissible, as claimed by plaintiff, was not sufficient to establish the charge of fraud.

The order dismissing the bill is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, and WIEST, JJ., concurred. FEAD and BUTZEL, JJ., did not sit.